

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 2:18-CR-195 |
| vs. | ) | JUDGE GRAHAM |
| ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | ) | |
| ▮▮▮▮ | ) | **SUPERSEDING INDICTMENT** |
| ▮▮▮▮ | ) | |
| ▮▮▮▮▮ | ) | |
| | ) | **FILED UNDER SEAL** |
| **JOSE AROLDO DE LEON-BALTAZAR (2)** | ) | |
| a.k.a. Amigoo | ) | |
| ▮▮▮▮▮▮▮▮▮▮▮▮▮ | ) | |
| ▮▮▮▮ | ) | |
| ▮▮▮▮▮▮▮▮▮ ▮ | ) | |
| ▮▮▮▮ | ) | |
| ▮▮▮ | ) | |
| ▮▮▮▮▮▮▮▮ | ) | |
| ▮▮▮▮ | ) | |
| ▮▮▮▮▮▮▮▮ | ) | |
| ▮▮▮▮▮▮▮▮▮▮▮ | ) | |
| ▮▮▮ | ) | |
| ▮▮▮▮▮▮▮ | ) | |

**THE GRAND JURY CHARGES:**

## COUNT ONE

On or about and between May 2016 through on or about September 20, 2018, the exact dates being unknown to this Grand Jury, in Colombia, Guatemala, Mexico and elsewhere, the

defendants, ███████████████████ JOSE AROLDO DE LEON-BALTAZAR, a.k.a. Amigoo, ███████████████████

███████████████████

███████████████████

███████████████ together with others, known and unknown to the Grand Jury, did knowingly and intentionally conspire to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, knowing, intending and having reasonable cause to believe that such substances would be unlawfully imported into the United States from a place outside thereof. The amount of cocaine involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was at least five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 959(a), 960(a)(3) and 960(b)(1)(B)(ii) and 18 U.S.C § 3238.

## Manners and Means of the Conspiracy

The defendants and their co-conspirators used the following manners and means, among others, in furtherance of the conspiracy:

1. It was part of the conspiracy that the defendants and their co-conspirators, coordinated the shipment of thousands of kilograms of cocaine from Colombia, via sea and land, through Central America and Mexico, destined to the United States, including but not limited to the following seized shipments:

   a. Approximately 880 kilograms of cocaine seized by the United States Coast Guard, in the eastern Pacific Ocean, approximately 400 nautical miles south of the Guatemalan/Mexican border, on or about May 19, 2016;

2

b. Approximately 720 kilograms of cocaine seized by the United States Coast Guard, in the eastern Pacific Ocean, approximately 475 nautical miles northwest of the Galapagos Islands, on or about August 18, 2017;

c. Approximately 34 kilograms of cocaine seized by the Guatemalan Policia Nacional Civil (PNC), in San Marcos, Guatemala, on or about November 26, 2017.

2. It was further part of the conspiracy to solicit "investors" who would share the risk of individual shipments by contributing cocaine or money to a given load.

3. It was further part of the conspiracy for co-conspirators to utilize load coordinators to assist with logistics and transportation details of cocaine shipments; locate drivers and boat operators for narcotic laden vehicles and vessels; and secure shared investments from multiple co-conspirators in specific cocaine shipments.

4. It was further part of the conspiracy to pay a "tax" or "fee" to send cocaine through areas controlled by another drug trafficking organization or cartel.

5. It was further part of the conspiracy to solicit fisherman and other commercial maritime labors to transport cocaine and refueling vessels utilized to transport cocaine.

6. It was further part of the conspiracy to utilize mobile phones and other communication devices to discuss the sale, storage, distribution, manufacture, proceeds and protection of controlled substances.

7. It was further part of the conspiracy to share information on the activities and locations of law enforcement and military personnel assigned to interdict narcotics shipments.

8. It was further part of the conspiracy to share transportation costs, labor, vehicles, vessels and shipment routes to transport cocaine.

3

9. It was further part of the conspiracy to shelter co-conspirators who were at risk of extradition to other countries.

10. It was further part of the conspiracy to share information regarding the arrests and investigations of co-conspirators and potential partners in order to make efforts to cut ties with, and destroy evidence of connections to, these co-conspirators and potential partners.

11. It was further part of the conspiracy to use firearms to protect cocaine and proceeds from the sale of cocaine.

12. It was further part of the conspiracy to have low-level co-conspirators take responsibility for an entire load of seized cocaine in order to free higher-level co-conspirators.

13. It was further part of the conspiracy for both suppliers and customers to send emissaries to each other for the purpose of overseeing and coordinating the shipments of cocaine, testing the quality of cocaine, negotiating the price of cocaine, arranging the shipment of cash payments, and acting as a surety of good faith.

14. It was further part of the conspiracy for customers to provide a "down payment" to suppliers before a shipment was sent.

15. It was further part of the conspiracy to show "proof of loss" to investors and customers when loads were sized by law enforcement or otherwise lost through no fault of the supplier or load coordinators.

**All in violation 21 U.S.C § 963.**

## FORFEITURE ALLEGATION

16. The allegations of this Superseding Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to 21 U.S.C. § 853(a)(1) and (2) and 21 U.S.C. § 970.

17. Upon conviction of the offense alleged in the Superseding Indictment, the defendants, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ **JOSE AROLDO DE LEON-BALTAZAR, a.k.a. Amigoo,** ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ shall forfeit to the United States, in accordance with 21 U.S.C. § 853(a)(1) and (2) and 21 U.S.C. § 970, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offenses alleged in the Superseding Indictment and/or any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations.

5

Forfeiture pursuant to 21 U.S.C. § 853(a)(1) and (2), 21 U.S.C. § 970, and Rule 32.2 of the Federal Rules of Criminal Procedure.

A TRUE BILL

s/ Grand Jury Foreperson
FOREPERSON

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

s/ David M. DeVillers
DAVID M. DEVILLERS, 0059456
Assistant United States Attorney


s/ Jonathan J.C. Grey
JONATHAN J.C. GREY, IL-6292918
Assistant United States Attorney

6